UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY SIMMONS,

                Plaintiff,

    v.

AUDRY MCQUEEN, et al.,

                Defendant.

CASE NO. 3:23-CV-5283-DWC

ORDER DENYING CASE DISPOSITIVE SANCTIONS

Plaintiff Anthony Simmons filed a Motion for Terminating Sanctions. Dkt. 43.[1] After consideration of the relevant record, the Court finds case dispositive sanctions are not warranted at this time; therefore, the Motion for Terminating Sanctions (Dkt. 43) is denied without prejudice. Defendant Audry McQueen is, however, directed to appear for a deposition on or before June 14, 2024, as detailed in this Order. If McQueen does not appear for the deposition, sanctions, including the entry of default, may be imposed.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkts. 16, 19.

ORDER DENYING CASE DISPOSITIVE
SANCTIONS - 1

I.   Background

In the Complaint, Simmons alleges Defendants Audry McQueen and Shalleena Esperanz Canizal, employees of Defendant Ramji, LLC., racially discriminated against Simmons after he entered an AM/PM owned by Ramji, LLC. Dkt. 1. Simmons asserts claims of unlawful discrimination in a place of public accommodation under the Washington Law Against Discrimination ("WLAD"), outrage, and negligent supervision. *Id*.

On April 15, 2023, Simmons filed the Motion for Terminating Sanctions. Dkts. 43, 44 (supporting evidence). In the Motion, Simmons requests the Court enter default against Defendants because McQueen failed to appear for her scheduled deposition. Dkt. 43. He also contends the remaining Defendants have been complicit "in obscuring the search for the truth in this matter." Dkt. 43. Defendants filed responses on May 6, 2024. Dkts. 54, 55 (supporting evidence), 56, 57-58 (supporting evidence). On May 10, 2024, Simmons filed his Reply. Dkts. 60, 61 (supporting evidence).

II.   Discussion

In the Motion, Simmons seeks case dispositive sanctions because McQueen did not appear for her deposition. Dkt. 43. Simmons also alleges that Ramji, LLC has been complicit in obstructing Simmons from searching for the truth. *Id*. Simmons contends Ramji, LLC provided false information in depositions and failed to timely produce discovery. *Id*. In addition, Simmons states McQueen and Canizal have not provided any discovery responses, including initial disclosures and responses to discovery requests. *Id*.[2]

---

[2] The Court finds the discovery matters related to Ramji, LLC and Canizal are ancillary to McQueen's failure to appear for her deposition. Simmons does not appear to allege Ramji, LLC has failed to produce evidence, but argues the production was delayed. *See* Dkt. 43. Simmons' complaints appear to be more appropriately addressed through motions in limine or through impeachment at trial.

Generally, case-dispositive sanctions should only be imposed as a last resort. *See Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 392 (N.D. Cal. 2012). To warrant case-dispositive sanctions "the losing party's non-compliance must be due to willfulness, fault, or bad faith." *See Fjelstad v. American Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985). In addition, before imposing such a sanction, courts in the Ninth Circuit must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993); *see also Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). The fifth factor includes three subparts, which are "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

The relevant evidence shows that, on February 27, 2024, the Court held a discovery conference regarding McQueen's and Canizal's depositions. *See* Dkt. 27. The Court ordered the two depositions to occur on or before March 8, 2024. Dkt. 28. The Court did not warn counsel that McQueen could face case-dispositive sanctions, or any sanctions, if she failed to attend the deposition. *Id*. McQueen's deposition was scheduled for March 4, 2024. McQueen did not attend the deposition.[3]

The record shows McQueen counsel's indicated McQueen had difficulty scheduling and attending a deposition because of her work schedule, *see* Dkt. 44-14 at 3, but the record also shows McQueen was unemployed at the time of the deposition. Dkt. 44-17 at 7, Canizal Dep.

---

[3] The Court notes Canizal did appear for a deposition as directed by the Court's Order.

ORDER DENYING CASE DISPOSITIVE
SANCTIONS - 3

1   McQueen now states that she was unable to attend the scheduled deposition because she was
2   sick. Dkt. 63, McQueen Dec, ¶ 2; *see also* Dkt. 56. Despite McQueen failing to appear at her
3   deposition and the other alleged discovery violations, Simmons did not file a motion to compel
4   the production of discovery or to require McQueen's presence at a deposition.

5       The Court finds the fifth factor is dispositive of the Motion for Terminating Sanctions.
6   Prior to the Motion for Terminating Sanctions, the Court had not been asked to consider, nor has
7   the Court considered, any discovery sanctions. While the Court ordered McQueen to appear for a
8   deposition on or before March 8, 2024, the Court did not warn McQueen that the failure to
9   appear could result in sanctions. Further, before the Motion for Terminating Sanctions was filed,
10  the record was silent as to any discovery issues related to Ramji, LLC. For example, Simmons
11  did not file a motion to compel. As the record is devoid of any requests for discovery sanctions
12  or indicators that discovery issues existed beyond scheduling depositions, the Court has not tried
13  less severe sanctions and has not warned Defendants about the possibility of case-dispositive
14  sanctions. Therefore, the Motion for Terminating Sanctions (Dkt. 43) is denied.[4]

15  **III.    Conclusion**

16      For the above stated reasons, the Motion for Terminating Sanctions (Dkt. 43) is denied.
17      The Court, however, acknowledges that Simmons has not been provided with a fair
18  opportunity to depose McQueen. Therefore, the Court reopens discovery for the limited purpose
19  of allowing Simmons an opportunity to depose McQueen.

---

[4] Defendants have argued that, while Simmons is entitled to depose McQueen, McQueen's testimony is not necessary because Simmons had moved for summary judgment. Regardless of summary judgment being denied, the Court is not persuaded by Defendants' argument. First, Simmons only moved for summary judgment on the WLAD claim and, therefore, may need McQueen's testimony for the outrage and negligent supervision claims. Furthermore, simply because Simmons sought summary judgment on the WLAD claim, does not mean McQueen's testimony is irrelevant to the strength of Simmons' case.

ORDER DENYING CASE DISPOSITIVE
SANCTIONS - 4

McQueen is directed to appear for a deposition in **Portland, Oregon** at a date and time agreeable to the parties. The deposition must occur on or before **June 14, 2024.** If McQueen does not appear for the deposition, the Court may impose sanctions, which may include, but are not limited to, the entry of default, an adverse jury instruction, and monetary sanctions.

In addition, the Court warns all parties that a failure to appear at trial, if under a subpoena, may also result in sanctions, which may include, but are not limited to, the entry of default, an adverse jury instruction, and monetary sanctions.

Dated this 21st day of May, 2024.

David W. Christel
United States Magistrate Judge