UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY SIMMONS,

                Plaintiff,

    v.

AUDRY MCQUEEN, et al.,

                Defendants.

CASE NO. 3:23-CV-5283-DWC

ORDER ON LCR 37 MOTION

Before the Court is the parties' joint submission under Local Civil Rule 37 regarding Defendants' subpoenas for Plaintiff's medical and housing records. Dkt. 32. After consideration of the relevant record and the parties' presentations during oral argument, Plaintiff's request to quash the at-issue subpoenas is hereby **GRANTED-IN-PART AND DENIED-IN-PART** as follows:

1. Defendants' request for medical records is granted as follows: The limited temporal scope as set forth in the Amended Notice of Intent re: Kaiser Permanente (Dkt. 64-1, Exhibit A) is **APPROVED.** Defendant Ramji LLC is hereby **AUTHORIZED** to serve **Appendix A** (Dkt. 64-1) upon Kaiser Permanente in compliance with the

ORDER ON LCR 37 MOTION - 1

1    Federal Rules of Civil Procedure and Washington State Law. The Court directs the
2    parties to meet and confer regarding the entry of any necessary stipulated protective
3    order.

4   2.   Defendant Ramji, LLC's subpoena issued to Home Forward is **QUASHED.**
5    Defendant Ramji, LLC seeks "records related to or concerning rent assistance,
6    housing vouchers, apartment communities, housing developments, Section 8/HUD,
7    and other programs" as they are relevant to whether Plaintiff went to his garage to
8    work on his hobby. *See* Dkt. 64-2.[1] The subpoena requests an extensive list of
9    documents related to Plaintiff's employment status for a four-and-one-half year
10   period. At oral argument, Defendant Ramji, LLC asserted that the housing records
11   were necessary to confirm if Plaintiff went to his garage during the month following
12   the incident. Plaintiff stated that he does not report his hobby as income and Plaintiff
13   has dismissed any claim for economic damages. Defendant Ramji, LLC has not
14   sufficiently shown that Plaintiff's relationship with Home Forward and the records
15   requested from Home Forward will lead to discoverable information related to
16   whether Plaintiff was able to go to his garage during the month following the incident
17   giving rise to this case. Therefore, Defendant Ramji, LLC has not shown the

---

[1] The subpoena to Home Forward commands the production of: "The complete records for Anthony Vernon Simmons (DOB: ▓▓▓▓ 1980), from January 1, 2020 to present, including but not limited to any and all documents and records related to or concerning rent assistance, housing vouchers, apartment communities, housing developments, Section 8/HUD, and other programs administered by Home Forward, including but not limited to New Columbia. The records shall include, but are not limited to applications, proofs of income, pay stubs, bank statements, W-2s or 1099 forms, tax returns, contracts, rental agreements, annual renewal notices, sworn affidavits or statements, referrals, waitlists, reports to third persons, memoranda, notes, notices, correspondence, letters, and all other documents." Dkt. 64-2 at 6.

ORDER ON LCR 37 MOTION - 2

requested documents meet the relevancy requirement and Plaintiff's request to quash the subpoena issued to Home Forward is granted.

Dated this 21st day of May, 2024.

*David W. Christel*
United States Magistrate Judge

ORDER ON LCR 37 MOTION - 3