UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY SIMMONS,

                Plaintiff,

v.

AUDRY MCQUEEN, et al.,

                Defendant.

CASE NO. 3:23-CV-5283-DWC

ORDER DENYING MOTION FOR RECONSIDERATION

Presently pending before the Court is Defendant Ramji LLC's Motion for Reconsideration Re: Order Denying Summary Judgment Dismissal of Plaintiff's WLAD Claim. Dkt. 70. After review of the relevant record, the Motion for Reconsideration (Dkt. 70) is denied.

**I.**    **Background**

On May 21, 2024, the Court denied Defendant Ramji's Motion for Summary Judgment. Relevant to the Motion for Reconsideration, the Court found there is a question of fact regarding whether any denial of the full enjoyment of the AM/PM was racially motivated and determined summary judgment on the Washington Law Against Discrimination ("WLAD") claim should be denied. Dkt. 65.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

1        On June 4, 2024, Defendant Ramji filed the pending Motion for Reconsideration, in which Defendant Ramji included new evidence. Dkts. 70, 71. In the Motion, while not clear, Defendant Ramji appears to assert the Court committed manifest error when it did not read a commerce requirement in the WLAD. Dkt. 70.

**II.     Discussion**

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence. "A motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." *In re Outlaw Lab'y, LP Litig.*, 2020 WL 3469387, at *2 (S.D. Cal. June 25, 2020) (internal quotations omitted). "Such disagreements should be dealt with in the normal appellate process, not on a motion for reconsideration." *Shields v. Frontier Tech., LLC*, 2011 WL 13157066, at *1 (D. Ariz. Oct. 19, 2011).

Defendant Ramji argues the Court committed manifest error by failing to read a commerce requirement into the WLAD. Dkt. 70. Specifically, Defendant Rami argues the Court's reliance on *Johnson v. Grady Way Station, LLC*, 2009 WL 3380641, at *3 (W.D. Wash. Oct. 16, 2009) is misplaced. *Id*. Defendant Ramji's disagreement with the Court's consideration of the case law is merely an attempt to re-litigate the summary judgment motions and present arguments that could have been raised in the summary judgment briefs.

Furthermore, the Court notes that the plain language of the WLAD does not include a commerce requirement. To establish a claim of public accommodation discrimination under the WLAD, a plaintiff must prove that (1) he is a member of a protected class, (2) the defendant's establishment is a place of public accommodation, (3) the defendant discriminated against him

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

1   when it did not treat him in a manner comparable to the treatment it provides to persons outside
2   that class, and (4) his protected status was a substantial factor that caused the discrimination.
3   *Contreraz v. City of Tacoma*, 2024 WL 1138902, at *5 (W.D. Wash. Mar. 15, 2024). As the
4   Washington State Supreme Court has found, "[t]he legislature has [ ] directed us to liberally
5   construe WLAD to eradicate discrimination, including discrimination in places of public
6   accommodation." *Floeting v. Grp. Health Coop.*, 192 Wash. 2d 848, 852, 434 P.3d 39, 41
7   (2019). "The WLAD's broad definition of 'full enjoyment' extends beyond denial of service to
8   include liability for mistreatment that makes a person feel not welcome, accepted, desired, or
9   solicited." *Id*.

10      Defendant Ramji has not shown the WLAD requires the plaintiff to intend to purchase an
11  item in the place of public accommodation. Courts have found WLAD claims could proceed past
12  summary judgment without consideration of a commerce requirement. *See Contreraz*, 2024 WL
13  1138902 at *6 (finding defendant had not shown they were entitled to summary judgment on a
14  WLAD claim when the claim occurred in a park and the defendant stopped the plaintiff from
15  "full enjoyment" of the park). As Defendant Ramji has not shown the WLAD should be
16  narrowly read to include a commerce requirement and/or an intent to purchase, the Court finds
17  Defendant Ramji did not show summary judgment was warranted in this case.

18      The Court notes Defendant Ramji has attempted to supplement the record with additional
19  evidence from Defendant Shalleena Canizal's deposition without meeting the Rule 7(h) standard.
20  Defendant Ramji has not argued the new evidence submitted with the Motion for
21  Reconsideration could not have been presented earlier with reasonable diligence. In fact, counsel
22  merely appears to be using the Motion for Reconsideration to supplement the record and
23  summary judgment briefing. As Defendant Ramji has not shown the new evidence could not
24

ORDER DENYING MOTION FOR
RECONSIDERATION - 3

have been submitted or cited to earlier, the Court declines to consider evidence that is newly submitted or newly cited to in the Motion for Reconsideration. However, regardless of whether Defendant Ramji provided napkins as a courtesy, Defendant Ramji failed to show there was no contractual relationship between Plaintiff and Defendant Ramji. Defendant Ramji has not sufficiently shown the definition of "full enjoyment" reads a commerce requirement into the WLAD. Accordingly, Defendant Ramji has not shown the Court's decision resulted in manifest error.

### III. Conclusion

A review of the Motion for Reconsideration shows Defendant Ramji is attempting to re-litigate the motions for summary judgment and is attempting to set forth new evidence and new arguments that should have been raised in the summary judgment briefing. This is insufficient to warrant reconsideration of the Court's Order. Therefore, the Motion for Reconsideration (Dkt. 70) is denied.

Dated this 18th day of June, 2024.

David W. Christel
United States Magistrate Judge